```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

J.S.J. PROPERTIES, INC.,

    Plaintiff,

v.                        Case No: 2:22-cv-536-JES-NPM

ST. GEORGE APARTMENTS, LLC,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Amended Motion to Dismiss (Doc. #15) filed on November 9, 2022. Plaintiff filed a Response in Opposition to Motion (Doc. #17) on November 30, 2022. For the reasons set forth below, the motion is denied.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v.

Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. "[D]ocuments attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6)." MSP Recovery Claims, Series LLC v. Metro. Gen. Ins.

Co., 40 F.4th 1295, 1303 (11th Cir. 2022) (quoting Saunders v Duke, 766 F.3d 1262, 1270 (11th Cir. 2014)).

## II.

The Second Amended Complaint (SAC) (Doc. #7) alleges that on or about May 12, 2022, the parties entered into an "as is" Commercial Contract (the Contract). (Doc. #7-2.)  Pursuant to the Contract, plaintiff JSJ Properties, Inc. (seller) would sell and defendant St. George Apartments, LLC (buyer) would purchase certain property in Fort Myers, Florida consisting of 6 multi-family buildings with 27 units.  The Contract was amended by an Extension Addendum to Contract that extended the Loan Approval Date and the Closing Date.  The Commercial Contract contained no representations about the condition of the property, but the purchaser was provided a 20-day due diligence period to conduct inspections.

On or about July 19, 2022, the buyer obtained a Loan Approval from U.S. Century Bank (the Lender).  On July 27, 2022, the day before the closing, counsel for the buyer sent correspondence to seller indicating that the Lender was requiring $81,000 be placed in escrow for a State of New York tax lien.  Buyer's counsel indicated that "the deal will not proceed.  Joyce tried in good faith to get the loan and get this deal done but the lender's terms are something that we cannot overcome."  (Doc. #7-2.)  Seller was ready, willing, and able to close.

In the SAC, seller seeks specific performance from buyer (Count I). Alternatively, in Count II seller seeks damages in the amount of the earnest money deposit of $100,000.

### III.

The buyer seeks dismissal of the SAC for failure to state a claim upon which relief may be granted. The buyer asserts that the Contract is invalid and unenforceable because it lacks sufficient specification of essential financing terms. The buyer argues that the Contract put the financing terms at the sole direction of the buyer, which "is legally inconsequential because such a reservation to Defendant of an unlimited right to determine the nature and extent of Defendant's performance 'renders the obligations too indefinite for legal enforcement.'" (Doc. #15, p. 8) (citation omitted). Without this essential term, buyer argues that there is no valid and enforceable contract, and both counts must be dismissed with prejudice.

Both sides agree that the Contract requires that Florida substantive law be applied. To assert a claim for specific performance, "a plaintiff must adequately plead: (1) a valid contract; (2) a material breach; and (3) damages." IMC Group, LLC v. Outar Inv. Co., LLC, 336 So. 3d 1217, 1219 (Fla. 3d DCA 2022) (citation omitted). Specific performance requires that the contract is valid and enforceable. Free v. Free, 936 So. 2d 699, 702 (Fla. 5th DCA 2006). "In order for a court to grant specific

4

performance, the parties must have entered into an agreement that is definite, certain, and complete in all of its essential terms." Muniz v. Crystal Lake Project, LLC, 947 So. 2d 464, 469 (Fla. 3d DCA 2006). It is clear that "[f]inancing terms in real estate transactions are essential terms of a contract." Bus. Specialists, Inc. v. Land & Sea Petroleum, Inc., 25 So. 3d 693, 695 (Fla. 4th DCA 2010). Whether a valid contract exists is a question of law to be decided by the court. Basner v. Bergdoll, 284 So. 3d 1122, 1123 (Fla. 1st DCA 2019).

The Contract attached to the SAC establishes that there was a definite, certain, and complete financing term. The Contract provided that "**THIRD PARTY FINANCING**" was required and that "FINANCING TERMS ARE AT THE SOLE AND ABSOLUTE DISCRETION OF THE BUYER." (Doc. #7-2, p. 2.) Thus, the seller was not providing financing and would have no say in such financing. Indeed, the parties agreed that the seller would have nothing to do with financing terms. Contrary to buyer's argument, there is nothing about this which renders it too indefinite for legal enforcement. While such a provision would not be sufficient when the seller is providing the financing, that is clearly not the case with this Contract. "Florida law permits parties to condition formation of a contract on the occurrence of an event such as third party financing." Chastain v. N.S.S. Acquisition Corp., No. 08-81260-CIV, 2009 WL 1971621, at *4 n.2 (S.D. Fla. July 8, 2009), aff'd,

5

378 F. App'x 983 (11th Cir. 2010). "[C]ontracts requiring negotiations with third parties and affording broad discretion in the performance of specific contractual duties are commonly enforced." Aldora Aluminum & Glass Prod., Inc. v. Poma Glass & Specialty Windows, Inc., 683 F. App'x 764, 769 (11th Cir. 2017) (collecting cases). Placing the burden entirely on the buyer for financing as a contingency is not too indefinite. See, e.g., Brown v. Matton, 406 So. 2d 1269, 1269 (Fla. 4th DCA 1981). The motion to dismiss will be denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss for Failure to State a Claim (Doc. #15) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of December 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record

6